# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| LAMAR MCCOY, (# 243521)<br>  Petitioner | *<br>*<br>* |
| vs. | *  CIVIL ACTION NO.12-00326-CG-B |
| WARDEN HETZEL,<br>  Respondent. | *<br>*<br>* |

## Report and Recommendation

Lamar McCoy, a state inmate in the custody of Respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 (Docs. 1, 3). The petition has been referred to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. The undersigned has conducted a careful review of the record and finds that no evidentiary hearing is required to resolve this case. Kelley v. Sec'y for Dep't of Corr., 377 F.3d 1317 (11th Cir. 2004).

Having carefully considered McCoy's petition, Respondent's answer, and McCoy's request for equitable tolling, the undersigned finds that McCoy's petition is untimely, and that equitable tolling is not appropriate. Accordingly, it is recommended that McCoy's habeas petition be dismissed as time-barred, that judgment be entered in favor of Respondent and

against Petitioner, Lamar McCoy, pursuant to 28 U.S.C. § 2244(d), and that McCoy is not entitled to the issuance of a certificate of appealability, and consequently, is not entitled to appeal *in forma pauperis*.[1]

I.  **Discussion**

McCoy was indicted in Monroe County Circuit Court (CC-04-57) for first-degree rape. (Doc. 11). On August 24, 2005, McCoy was convicted of the rape charge, and on October 19, 2005, he was sentenced to life in prison. (Id.; Doc. 11-1). On appeal to the Alabama Court of Criminal Appeals, McCoy's conviction and sentence were affirmed. (Docs. 11-1 at 3). The Alabama Supreme Court denied McCoy's petition for writ of certiorari, and a certificate of judgment was issued on September 8, 2006. (Doc. 11-4).

---

[1] Also pending before the Court are several motions filed by McCoy. The Court rules on these motions as follows:
McCoy's Motion to Amend (Doc. 21) and Motion to Introduce Newly Discovered Evidence (Doc. 22) are **GRANTED.** As discussed *infra*, the Court considered McCoy's amendments and analyzed the new evidence discussed in both motions. McCoy's Motions to Take Judicial Notice (Docs. 24, 27, 29) are **GRANTED in part**, to the extent that McCoy requests that the Court take judicial notice of the facts alleged in his motions and the complaints and letters he has filed in connection with his incarceration, and the motions (Docs. 24, 27, 29) are **DENIED** in all other respects. McCoy's Motion for Judgment of Acquittal (Doc. 23), Motion for Permission to Seek Summary Judgment (Doc. 26), and Motion for Emergency Relief Against False Imprisonment (Doc. 30) are all **DENIED** as moot based on this recommendation.

2

On May 29, 2007, McCoy filed a Rule 32 petition, which was denied by the trial court.(Doc. 11-9). McCoy appealed the dismissal, and on appeal, the Alabama Court of Criminal Appeals affirmed the trial court's dismissal. McCoy's application for rehearing was denied, and the Alabama Supreme Court denied his petition for certiorari review. (Doc. 11-9). The Alabama Court of Criminal Appeals entered the certificate of judgment on November 13, 2009. (Doc. 11-10).

On November 10, 2010, McCoy filed his first federal habeas petition and raised three claims related to his conviction and sentence. The Court dismissed the petition without prejudice to permit McCoy to exhaust his state remedies. McCoy v. Boyd, Case 1:10-cv-00666-CG-M, see Docs. 4, 11, 12. Next, on June 6, 2011, McCoy filed a second Rule 32 petition, which was denied on May 11, 2012. (Doc. 11-15).

On May 14, 2012[2], McCoy filed the instant habeas petition challenging his conviction and sentence. Specifically, McCoy claims that 1) the circuit clerk failed to administer the oath

---

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). While McCoy did not fill out the question on the form that inquires about the date he submitted his petition for mailing (Doc. 1 at 62), his petition was signed and notarized on May 14, 2012. (Id.). Thus, giving McCoy the most favorable benefit, the Court will use May 14, 2012 and assume that McCoy submitted his petition for mailing on that same date he had it notarized.

3

to the jury, 2) the state failed to prove essential elements of the offense, and 3) his counsel was ineffective in failing to object to the prosecutor's failure to prove essential elements of the offense. (Doc. 1 at 7-8). In its response, the State argues that McCoy's petition should be dismissed as untimely because it was filed outside of the statute of limitations. (Doc. 11 at 5). The undersigned agrees.

**II. Analysis**

Pursuant to 28 U.S.C. § 2244 (d)(1), as amended by the April 24, 1996 enactment of The AEDPA, a state prisoner seeking a federal habeas corpus remedy must file his federal petition within one year of the "conclusion of direct review or the expiration of the time for seeking such review." [3] The Act provides that:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct

---

[3] Section 2254 was amended by the AEDPA, which became effective April 24, 1996. Henderson v. Campbell, 353 F.3d 880, 890 (11th Cir. 2003). Since McCoy filed this petition on May 14, 2012, this action is governed by AEDPA.

4

> review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244 (d).

McCoy has not alleged that the government impeded the filing of his 2245 motion or that a retroactive new constitutional right exists in his case. Accordingly, the Court will calculate the timeliness of his petition from the date McCoy's conviction became final.

As noted *supra*, following McCoy's direct appeal of his conviction and sentence, the Alabama Supreme Court denied his petition for writ of certiorari, and a certificate of judgment

5

was issued on September 8, 2006. (Doc. 11-4). McCoy's conviction became final on December 7, 2006, which represents the ninety-day period during which he could have petitioned the United States Supreme Court for a writ of certiorari. Wade v. Battle, 379 F.3d 1254 (11th Cir. 2004). On May 29, 2007, McCoy filed his first Rule 32 petition with the Monroe County Circuit Court. At that point, 174 days had elapsed from the ADEPA one-year limitation period. With the filing of McCoy's first Rule 32 petition, the limitations period was tolled. See 28 U.S.C. § 2244(d)(2) (the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection); see also In Re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006). The Alabama Court of Criminal Appeals denied McCoy's Rule 32 petition on May 22, 2009. (Doc. 11-8). After denying McCoy's final application for rehearing, the appeals court issued a certificate of judgment on November 13, 2009 (Doc. 11-9); thus, the limitations period resumed running the next day. At that point, 191 days remained in the limitations period. Absent another tolling event, McCoy was required to file his habeas petition within 191 days, or no later than May 22, 2010.

The record reflects and McCoy does not deny that he did not file his first habeas petition with this Court until November

10, 2010, which is more than five months after the after expiration of the one-year limitations period in violation 28 U.S.C § 2444(d). While the record reflects that McCoy filed a second Rule 32 petition on June 6, 2011, it had no tolling effect because the limitations period had already expired on May 22, 2010. Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000). "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state-court petition...that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." Id.; see also Tinker v. Moore, 255 F.3d 1333, 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period."); Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("While a properly filed application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.") (citation omitted). Because McCoy's second Rule 32 petition, filed in June 2011, did not toll the limitations period, the instant federal habeas petition was untimely filed.

### a. Extraordinary Circumstances

Before recommending dismissal of McCoy's petition for habeas relief as untimely, the undersigned must determine

7

whether McCoy has pled extraordinary circumstances that require a contrary conclusion. Thus, unless McCoy can demonstrate that the tolling provisions of the AEDPA were triggered, his habeas petition is untimely.

The Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.' Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. Of Veterans Affairs, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed. 2d 435 (1990).

Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000); see also Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3rd Cir. 1998) ("equitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.'... [g]enerally, this will occur when the petitioner has 'in some extraordinary way...been prevented from asserting his or her rights.'...[t]he petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.'... [m]ere excusable neglect is not sufficient."). Moreover, as a general rule, "the 'extraordinary circumstances' standard applied in [the Eleventh] [C]ircuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the

8

circumstances surrounding the underlying conviction." Helton v. Sec'y of Dep't. of Corrections, 259 F.3d 1310, 1314 (11th Cir. 2001), cert. denied, 535 U.S. 1080 (2002); Drew, 297 F.3d at 1286-87.

The facts presented by McCoy do not evidence extraordinary circumstances beyond his control which made it impossible for him to file the instant petition for a writ of habeas corpus in a timely manner, nor do they present a sufficient basis upon which to conclude that he used due diligence in pursuing habeas corpus relief in a timely manner. In support of equitable tolling, McCoy argues that he was unable to contact his attorney to obtain his legal materials, the prison facility "denied access to the Court by way of improper law library," and he had a lack of legal assistance and understanding of the law. (Doc. 18 at 1-17). "[C]ircumstances warranting equitable tolling" do not include restricted access to a law library, lack of legal papers, nor lack of legal assistance. Miller v. Florida, 307 Fed. App'x 366, 368 (11th Cir. 2009) (citing Akins v. United States, 204 F.3d 1086, 1089-90 (11th Cir. 2000)); see also Paulcin v. McDonough, 259 Fed. App'x 211, 213 (11th Cir. 2007) ("Paulcin's transfer to county jail and denial of access to his legal papers and the law library did not constitute extraordinary circumstances."); Coleman v. Mosley, 2008 U.S. Dist. LEXIS 38430, 2008 WL 2039483 at *3 (M.D. Ala. May 12,

2008) ("Petitioner'[s] *pro se* status, ignorance of the law, limited law library access, and lack of legal assistance are insufficient grounds on which to toll the limitation period.").

Furthermore, even without access to his legal materials from his former counsel, McCoy remained responsible for complying with the habeas filing deadline. The law is well settled that a petitioner is not required to submit state court records when filing a federal habeas petition. Pliler v. Ford, 542 U.S. 225, 232, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004). The unavailability of documents, the contents of which a petitioner has at least constructive knowledge, does not affect the petitioner's ability to file a federal habeas petition. McCleskey v. Zant, 499 U.S. 467, 500, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991). "T]here is no requirement that a habeas petitioner enumerate in his petition every fact which supports a ground for relief. Rather, Rule 2(c) of the Rules Governing § 2254 Cases provides that a petitioner need only 'set forth in summary form the facts supporting each of the grounds' specified in the petition." See Donovan v. Maine, 276 F.3d 87, 93 (1st Cir. 2002) (habeas corpus petition need not be pleaded with particularity, so citation to transcript unnecessary); Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (prisoner not entitled to transcript before filing § 2254 petition); Lloyd

v. Van Natta, 296 F.3d 630, 633 (7th Cir. 2002), cert. denied 537 U.S. 1121, 123 S. Ct. 856, 154 L. Ed. 2d 802 (2003).

In this instance, nothing in the record indicates that McCoy was excluded from any aspect of the legal proceedings culminating in his conviction. McCoy, therefore, necessarily had either actual or constructive knowledge of the factual basis for each of the claims presented to this Court in the instant habeas petition, and could have presented such claims in a timely filed § 2254 petition even without access to the documents contained in his personal legal materials. McClesky, 499 U.S. at 500. Furthermore, McCoy presented the same or similar claims in his May 29, 2007 rule 32 petition before the state court (Doc. 11 at 2), which evidences that McCoy was well aware of the claims for which he seeks habeas review.

McCoy's judgment became final on December 7, 2006. McCoy does not illustrate any extraordinary circumstances, which restricted his ability to file this petition by May 22, 2010. In fact, the Court finds no evidence that indicates unavoidable circumstances beyond McCoy's control that made it impossible for him to file this action within AEDPA's time limit.

**b. Actual Innocence**

McCoy argues that he is actually innocent of the rape for which he was convicted, and that and there is no evidence of any crime in his case; thus; this Court should address his claims on

11

the merits. (Doc. 18 at 9). He further contends that "[a] fundamental miscarriage of justice will result if these § 2254 matters are not entertained and ruled-upon." (Id.). Essentially, McCoy attempts to satisfy the actual innocence caveat of the AEDPA's limitation period, which would justify review of his constitutional claims despite his untimeliness. See House v. Bell, 547 U.S. 518, 126 S. Ct. 2064, 165 L. Ed. 2d 1 (2006) (upon a threshold showing of actual innocence, a petitioner may overcome the AEDPA's time-bar to have his underlying constitutional claims reviewed on the merits).

The Supreme Court has provided guidance on the role of federal courts with respect to actual innocence claims on habeas review in Herrera v. Collins, 506 U.S. 390, 416-417, 113 S. Ct. 853, 122 L. Ed. 2d 203 (1993). The court stated:

> In state criminal proceedings the trial is the paramount event for determining the guilt or innocence of the defendant. Federal habeas review of state convictions has traditionally been limited to claims of constitutional violations occurring in the course of the underlying state criminal proceedings. Our federal habeas cases have treated claims of 'actual innocence,' not as an independent constitutional claim, but as a basis upon which a habeas petitioner may have an independent constitutional claim considered on the merits, even though his habeas petition would otherwise be regarded as [untimely,] successive or abusive.

Id.; see also House, 547 U.S. at 518 (discussing untimeliness).

However, "[n]either the Supreme Court nor [the Eleventh Circuit] has ever held that the Constitution requires an actual

12

innocence exception to the AEDPA's one-year limitations period." Melson v. Allen, 548 F.3d 993, 1002 (11th Cir. 2008) vacated on other grounds by Melson v. Allen, 130 S. Ct. 3491, 177 L. Ed. 2d 1081 (2010) (citing Johnson v. Florida Dep't of Corr., 513 F.3d 1328, 1333 (11th Cir. 2008) ("To date, this Court has avoided this constitutional issue because no time-barred petitioner has made the requisite actual-innocence showing.")). In addition, before a court considers whether to reach the merits of a petitioner's habeas claims, "the petitioner must first make a sufficient showing of actual innocence." Melson, 548 F.3d at 1002. To be credible, a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995); see also id., 513 U.S. at 327 ("To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.").

In support of his actual innocence claim, McCoy, on September 16, 2013, filed a motion to amend his habeas petition (Doc. 21). In the motion, McCoy discusses the alleged affidavit of Ms. Tammy Tate, who did not testify at trial, and the

13

testimonies of Ms. Tiffany Welch and Ms. Latoya Myles, which were offered at trial. (Id. at 1-2, see also Doc. 11-2 at 3). McCoy contends that Ms. Welch and Ms. Myles were his alibi witnesses who "testified to the fact that he was not at the alleged crime scene..." (Id. at 2). McCoy maintains his innocence and asserts that the alleged victim "fabricated this entire story..." (Id.).

Turning first to the testimonies of McCoy's alibi witnesses, the Court finds that this evidence is insufficient to satisfy the threshold showing of actual innocence required by Schlup. 513 U.S. at 324. As noted, both of these witnesses testified at trial about McCoy's whereabouts on the day of the rape, and it is clear that in finding McCoy guilty, the jury rejected this testimony. This testimony, which was offered at trial and rejected by the jury, does not amount to new scientific evidence, trustworthy eye witness accounts, or physical evidence "that was not presented at trial." Id. As such, this does not aid McCoy in his attempt to make a "sufficient showing of actual innocence" such that this Court should reach the merits of his claims. Melson, 548 F.3d at 1002.

McCoy also relies on the one sentence handwritten statement of Ms. Tammie Tate to support his claim of innocence. In a document entitled "Motion to Introduce Newly Discovered

Evidence" (Doc. 22) and filed on September 16, 2013, McCoy proffers the hand-written affidavit of Ms. Tate, which reads:

> To whom it may concern
>
> I Tammie Tate, are a witness that [the victim] came over bye my house on March 4, 2004 between 9:00 a.m. & 10:00 a.m.

(Id. at 5). This paragraph was written on a sheet of lined notebook paper and was allegedly signed by Tammy Tate on September 9, 2013 and notarized by Josephine Clark on the same date. (Id.). This affidavit was included in McCoy's mailings from prison that were postmarked on September 13, 2013. (See Doc. 21 at 5).

In evaluating this new evidence, a habeas court "may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." House, 547 U.S. at 537 (quotation marks and citation omitted). The court then assesses, in context with the other evidence adduced at trial, the likely impact of this new evidence on reasonable jurors. Id., 547 U.S. at 538. "The demanding nature of the Schlup standard ensures that only the 'extraordinary' case will merit review of procedurally barred [or time-barred] claims." Melson, 548 F.3d at 1002 (citing House, 547 U.S. at 538.).

Weighing the credibility of McCoy's hand-written affidavit, the Court finds that the proffered affidavit is insufficient to

satisfy the threshold showing of actual innocence required by Schlup. 513 U.S. at 324. "Motions based solely upon affidavits are disfavored because the affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations." Herrera, 506 U.S. at 417. In the instant case, the affiant simply declares that the victim "came by[]" her house between "9:00 a.m. & 10:00 a.m." on March 4, 2004. Ms. Tate does not expound on any of the details of the alleged visit nor does she provide any plausible information that would lead a reasonable juror to conclude that the victim fabricated the attack and that McCoy is actually innocent. Furthermore, neither Ms. Tate nor McCoy offers any explanation for the lengthy delay in coming forth with this information. Id., 506 U.S. at 417-18; see also Taylor v. Illinois, 484 U.S. 400, 414, 108 S. Ct. 646, 98 L. Ed. 2d 798 (1988) ("It is . . . reasonable to presume that there is something suspect about a defense witness who is not identified until after the 11th hour has passed"). Ms. Tate's wholly uncorroborated affidavit falls way short of satisfying the threshold showing of actual innocence required by Schlup. 513 U.S. at 324. Thus, McCoy has failed to come forward with any evidence that establishes his actual innocence and thereby undermines his rape conviction. Because this is not one of the "extraordinary" cases in which the actual innocence exception is applicable, the Court finds

McCoy's habeas petition to be time-barred. Melson, 548 F.3d at 1002; House, 547 U.S. at 538.

### III. Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be **DENIED**. 28 U.S.C. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may be issued only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is being denied on procedural grounds without reaching the merits of an underlying constitutional claim, "a COA should be issued [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 146 L. Ed. 2d 542 (2000). Where a habeas

17

petition is being denied on the merits of an underlying constitutional claim, a certificate of appealability should be issued only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. ("To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under Barefoot [v. Estelle, 463 U.S. 880, 893, 103 S. Ct. 3383, 3394 77 L. Ed. 2d 1090 (1983)], includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotation marks omitted); accord Miller El v. Cockrell, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003).

McCoy's petition does not warrant the issuance of a certificate of appealability as his claims are clearly time-barred, because he has failed to present extraordinary circumstances beyond his control that prevented him from filing this action in a timely manner, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and he has failed to make a sufficient showing of actual innocence. Melson, 548 F.3d at 1002; House, 547 U.S. at 538. Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in

18

dismissing the instant petition or that Petitioner should be allowed to proceed further. Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether McCoy's petition should be dismissed and as a result, he is not entitled to a certificate of appealability.

## IV. Conclusion.

Based on the foregoing, it is the recommendation of the undersigned Magistrate Judge that McCoy's petition for habeas corpus be dismissed with prejudice as time-barred and that judgment be entered in favor of the Respondent, Warden Hetzel, and against the Petitioner, Lamar McCoy. It is further recommended that any motion for a Certificate of Appealability or for permission to appeal *in forma pauperis* be denied.

### **Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L. R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **20th** day of **February, 2013.**

                                                  /s/ SONJA F. BIVINS  
                                      **UNITED STATES MAGISTRATE JUDGE**